IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3106 |
| vs. | ORDER |
| JASON J. MULLEN, | |
| Defendant. | |

This matter is before the Court on the defendant's "Motion for Downward Departure Due to Conditions of Confinement." (filing 95). The gist of the defendant's motion is that the Court should depart downward at sentencing based on *United States v. Carty*, which holds that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures." 264 F.3d 191, 196 (2d Cir. 2001). *See* filing 95. The defendant's motion will be denied for a number of reasons.

The most obvious is that it's too late for a downward departure at sentencing, because the defendant was sentenced on September 9, 2021. Filing 92. While styled as a motion for downward departure, the defendant is really asking the Court to modify his sentence, and as a general rule, the Court may not modify a term of imprisonment once it's been imposed. *See* 18 U.S.C. § 3582(c). In the absence of circumstances the defendant doesn't allege here, *see* § 3582(c)(1)-(2), the Court lacks jurisdiction to reduce his sentence, *see United States v. Harris*, 574 F.3d 971, 973 (8th Cir. 2009).

But additionally, even were the issue properly before the Court, the Eighth Circuit has rejected a similar argument. In *United States v. Dyck*, the district court had granted a downward departure based in part on its finding that the conditions of the defendant's pretrial confinement "were almost cruel

and unusual punishment." 334 F.3d 736, 738 (8th Cir. 2003). The Court of Appeals held that was an abuse of discretion, finding that

> the record here is utterly devoid of any facts supporting the proposition that the conditions at the . . . jail facility (which we assume has been inspected and approved by the United States Marshals Service as a proper place for housing federal detainees) were so substandard or onerous as to take this case out of the heartland of cases.

*Id.* at 743. This case is similar, and to the extent the defendant has any remedy, it's not in modifying his sentence. Rather, it's only a cognizable legal claim if the conditions of confinement to which he was subject rose to the level of a constitutional violation—and even then, such a claim must be brought as a civil rights claim in the district of confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014). There is no relief for that claim here.[1]

The defendant has also sent the Court a letter, with an attached declaration, captioned "Staff Misconduct At Pretrial Detention Center that Resulted In Serious Injury To A Pretrial Detainee" (filing 96). The defendant describes a series of events that could be fairly characterized as asserting claims of deliberate indifference to a substantial risk of serious harm to an inmate, *see Farmer v. Brennan,* 511 U.S. 825 (1994), and deliberate indifference to an inmate's serious medical needs, *see Estelle v. Gamble,* 429 U.S. 97 (1976). The defendant's allegations are serious. But they, too, are

---

[1] The Court will have the defendant provided with a copy of the appropriate form for pursuing such a claim, should he choose to do so. To file a complaint in the District of Kansas, a completed pleading should be sent to the U.S. District Court, 444 S.E. Quincy, Rm. 490, Topeka, KS 66683.

outside this Court's jurisdiction—any claim that a prisoner's civil rights were violated in a federal institution in Kansas can only be brought as a civil rights claim in the U.S. District Court for the District of Kansas. Accordingly,

IT IS ORDERED:

1. The defendant's "Motion for Downward Departure Due to Conditions of Confinement" (filing 95) is denied.

2. The Clerk of the Court shall provide the defendant with a copy of this order as well as a copy of AO Form Pro Se 14 - Complaint for Violation of Civil Rights (Prisoner).

Dated this 27th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge